**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FRANK RECRUITMENT GROUP INC.,<br>Plaintiff,<br><br>v.<br><br>WINTELLISYS INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:24-cv-02904-SHL-tmp |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS WITH REQUEST FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Frank Recruitment Group Inc.'s ("Frank Recruitment") Motion for Sanctions with Request for Default Judgment. (ECF No. 46.) Frank Recruitment seeks entry of a default judgment in the amount of $479,417.89 against Defendant Wintellisys Inc. (ECF No. 46-1 at PageID 219.) For the reasons outlined below, Frank Recruitment's Motion is **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

Frank Recruitment is a recruitment agency that identifies and refers information technology workers to businesses like Wintellisys. (ECF No. 1 at PageID 2.) The Parties entered a contract where Frank Recruitment would refer IT workers to Wintellisys in exchange for payment. (Id. at PageID 3.)

Between April and July 2024, Frank Recruitment submitted invoices to Wintellisys in the amount of $360,947.36, of which $358,403.03 represented fees for services approved by Wintellisys, and $2,544.33 represents unapproved fees for completed services. (Id.) In October 2024, Frank Recruitment made a final demand for the $358,403.03 Wintellisys owed. (Id.) Wintellisys did not respond, so Frank Recruitment filed the instant action in November 2024 for

breach of contract.[1] (Id. at PageID 3–4.)

Wintellisys's participation in this case was problematic from the start. First, it failed to timely answer Frank Recruitment's Complaint. (ECF No. 8; ECF No. 9.) Then, Wintellisys did not comply with Frank Recruitment's Request for Production of Documents, resulting in an Order granting Frank Recruitment's motion to compel. (ECF No. 30.) That Order also warned Wintellisys that, if it failed to comply with Frank Recruitment's request for document production, it would be sanctioned under Federal Rule of Civil Procedure 37. (Id. at PageID 113.)

Wintellisys did not comply with that Order. So, Frank Recruitment filed a Motion for Sanctions. (ECF No. 31.) Wintellisys was directed to respond to that motion, which it failed to do until well after the deadline expired. (ECF No. 32; ECF No. 35.) Counsel for Wintellisys ultimately responded to the sanctions motion and appeared at a status conference. Counsel explained that Wintellisys's non-compliance with applicable deadlines and this Court's orders stemmed, in large part, from the lack of communication between counsel and Wintellisys, despite counsel's repeated attempts to reach the company. (ECF No. 40 at PageID 197.)

So, the Court determined that counsel for Wintellisys did not deserve sanctions, but, instead, determined that "Wintellisys shall be personally liable for [Frank Recruitment's] reasonable attorneys' fees and costs expended in pursuing [its] [sanctions] [Motion]." (Id. at PageID 197, 199.) Additionally, Wintellisys was, once again, ordered to provide full and complete answers to Frank Recruitment's request for production of documents. (Id. at PageID 199.)

---

[1] Frank Recruitment, in the alternative, brought a claim for unjust enrichment. As explained below, Frank Recruitment adequately pleads breach of contract, so its alternative request is not addressed herein.

Unsurprisingly, since February of this year, the docket entries for this case reflect no participation by Wintellisys. And, according to Frank Recruitment, Wintellisys "has not produced any further responsive documents and remains in violation of this Court's Orders." (ECF No. 43 at PageID 201; ECF No. 45; ECF No. 46.)

As a result of Wintellisys' vanishing act, Frank Recruitment seeks an Order awarding it default judgment in the amount of $479,417.89 against Wintellisys and sanctioning Wintellisys for its repeated, flagrant, unexcused violations of this Court's orders. Frank Recruitment filed its Motion on August 5, 2026, and, as of November 9, 2026, Wintellisys had not responded. So, Wintellisys was ordered to show cause why Frank Recruitment's Motion for Sanctions with Request for Default Judgment should not be granted. (ECF No. 49 at PageID 513.) Wintellisys, through its counsel, stated that it was "unable in good faith to respond to the Court in a factual manner disputing why the request for default judgment should not be granted."[2] (ECF No. 50 at PageID 514.)

## II. ANALYSIS

Frank Recruitment acknowledges that default judgment is not the typical sanction for discovery abuses. Nonetheless, it maintains that it satisfies the legal requirements for such a sanction in this case, and having satisfied those requirements, Frank Recruitment seeks a

[2] Separately, on November 16, 2026, Chief Magistrate Judge Tu M. Pham, who is the magistrate judge associated with this case, received via his ECF inbox an email from an individual who identified himself as "Chris Wess, President and CEO, Wintellisys Inc." (See ECF No. 51 at PageID 518.) In it, Wess discusses his personal life and attaches a 40-page word document that appears to summarize his discussion with Microsoft's Copilot application. (See ECF No. 51-1.) That email was forwarded to the undersigned's ECF inbox and has since been entered on the docket. However, the correspondence is inappropriate for several reasons. For one, Wess is not an attorney and does not represent Wintellisys, the defendant in this matter. Additionally, he should not direct communications ex parte to members of this Court. Regardless, nothing in the email affects the analysis herein.

monetary award which represents the damages it has incurred based on Wintellisys breach of contract, along with interest. Frank Recruitment supports its request with several documents, including its contract with Wintellisys, an affidavit of damages, and invoices. (ECF No. 46-2; ECF No. 46-3; ECF No. 46-4.)

A. Rule 37

Default judgment is a permissible sanction under Rule 37 against a party who fails to obey an order to provide or permit discovery. See New London Tobacco Market, Inc. v. Ky. Fuel Corp., No. 6:12–CV–91–GFVT–HAI, 2014 WL 5107466, at *9 (E.D. Ky. Mar. 25, 2014) (first citing Fed. R. Civ. P. 37(b)(2)(A), and then citing id. at 37(b)(2)(A)(IV)), report and recommendation adopted, 2014 WL 5107464 (Sep. 30, 2014)). Although such a sanction is often a "last resort," Peltz v. Moretti, 292 F. App'x 475, 478 (6th Cir. 2008), awarding default judgment as a sanction is not an abuse of discretion "if a party has the ability to comply with a discovery order and does not." Accord Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). However, "[e]ntry of a default judgment against a party 'for failure to cooperate in discovery' . . . may not be imposed unless noncompliance was due to 'willfulness, bad faith, or fault.'" Thurmond v. Cnty. of Wayne, 447 F. App'x 643, 647 (6th Cir. 2011) (quoting Abbe, 916 F.2d at 1073).

The following factors inform a court's decision to award default judgment as a sanction under Rule 37:

> (1) whether the party's failure to cooperate in discovery is due to wi[l]lfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered.

Stamec, Inc. v. Anson, 195 F. App'x 473, 479 (6th Cir. 2006) (citing Regional Refuse Sys., Inc.

v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988)). No one factor is dispositive. Barron v. Univ. of Mich., 613 F. App'x 480, 484 (6th Cir. 2015).

The first factor favors default judgment. Failure to cooperate in discovery is due to willfulness, bad faith, or fault when the record demonstrates repeated "'delay or contumacious conduct.'" Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) (citation omitted). As Frank Recruitment observes, Wintellisys "has and continues to ignore and intentionally avoid its discovery obligations and essentially has refused to participate any longer in this case, which constitutes bad faith." (ECF No. 46-1 at PageID 218.) Nothing in the record indicates that Wintellisys's non-participation and violation of this Court's orders was the product of anything other than its own decisions. See New London, 2014 WL 5107466, at *10 (default judgment appropriate as Rule 37 sanction when defendants "never claimed that they are unable to comply with this Court's orders [as] [c]ase law amply supports default judgment based upon such a record" (citing United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)).

The second factor also favors default judgment. The party moving for sanctions is prejudiced when it is "required to waste time, money, and effort in pursuit of cooperation which [the adversary] was legally obligated to provide." Carpenter, 723 F.3d at 707. As discussed above, Wintellisys was ordered, on several occasions, to fulfill its discovery obligations. It refused, which plainly prejudiced Frank Recruitment, forcing it to file a motion to compel, two motions for sanctions, and status reports. Essentially, Frank Recruitment has incurred legal expenses to force Wintellisys to follow lawful court orders and the federal rules applicable to discovery, all the while frustrating its ability to pursue its lawsuit. Such action, or more precisely inaction, constitutes prejudice. See Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) (party prejudiced by when adversary's failure to engage in discovery required party to

waste time, money, and effort to secure adversary's cooperation).

The third factor, whether Wintellisys was warned that failure to cooperate could lead to default judgment also favors Frank Recruitment. Although "[t]here is no magic-words prerequisite to dismissal [or default judgment] under Rule 37(b)," this Court's February 12, 2026, Order could not have been clearer. Turner v. Evergreen Recovery Sols., No. 4:20-cv-12568, 2022 WL 18588076, at *3 (E.D. Mich. Nov. 4, 2022) (citation omitted), report and recommendation adopted, 2023 WL 22164 (Jan. 3, 2023)). That Order was "Wintellisys' final warning [that] failure to comply with this Order will result in the entry of default against Wintellisys, and any other sanctions the Court deems appropriate." (ECF No. 40 at PageID 199.) Therefore, Wintellisys was adequately warned.

Finally, as to the fourth factor, a less drastic sanction has previously been imposed on Wintellisys, to no avail. In the same February 12 Order, this Court found "Wintellisys . . . personally responsible for [Frank Recruitment's] reasonable attorney's fees and costs expended in pursuing" its first sanctions motion. Yet Wintellisys remains absent from this lawsuit. Therefore, this factor favors an entry of default judgment. See New London, 2014 WL 5107466, at *13 (fourth factor favored default when a "[c]ourt [could] fathom no sanction that [would] result in appropriate compliance by [d]efendants or sufficiently address [d]efendants' behavior other than entry of default judgment" and when "[i]t [was] clear that Defendants . . . treated [the] [c]ourt's orders as elective, which [could not] be countenanced.").

B. Default Judgment

Once it determines that default judgment is an appropriate sanction under Rule 37, a court proceeds to the standard default judgment inquiry under Rule 55. First, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a default is entered against a defendant,

"that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." Joe Hand Promotions, Inc. v. Pat's Snack Bar, LLC, No. 6:19-CV-67-REW, 2020 WL 1923178, at *2 (E.D. Ky. Apr. 21, 2020) (quoting Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)).

Here, the Clerk has entered default. (See ECF No. 48.) Thus, Rule 55's first step is satisfied.

The second step requires the plaintiff to "apply to the court for a default judgment," which has been done here. (See ECF No. 46); Fed. R. Civ. P. 55(b)(2). But even when a clerk has entered default and a plaintiff has applied for default judgment, it nevertheless falls to a court "to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Anderson v. Johnson, 194 F.3d 1311 (Table), No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999) (internal citation omitted). Thus, the Court must evaluate whether Frank Recruitments's allegations establish that Wintellisys breached the Parties contract.

1. Choice of Law

Because this is a diversity jurisdiction action, "to determine which state's substantive law controls, a district court applies the choice-of-law rules of the state where it sits." Andujar v. Hub Grp. Trucking, Inc., 161 F.4th 1014, 1017 (6th Cir. 2025). So, Tennessee choice-of-law rules apply here. Under Tennessee law, courts apply the "law dictated by [a] choice-of-law provision in the parties' agreement if that provision is enforceable." Id. (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)). Moreover, a choice-of-law provision is enforceable if:

> (1) the provision was executed in good faith; (2) the state whose law is chosen has a material connection to the transaction; and (3) the chosen state's law is not

> contrary to a fundamental policy of a state having a materially greater interest and whose law would otherwise govern.

Id. (citing Town of Smyrna v. Mun. Gas. Auth. of Ga., 723 F.3d 640, 645–46 (6th Cir. 2013)).

Here, Frank Recruitment contends that New York law should apply to its breach of contract claim and damages assessment. (ECF No. 1 at PageID 2; ECF No. 46 at PageID 211; ECF No. 46-2 at PageID 241.) And Wintellisys agrees that "New York state law should govern the request for default judgment." (ECF No. 50 at PageID 514.) The Parties' agreement on this issue is reflected in their contract, which states that it "is subject to and governed by the laws of [the] state of New York." (ECF No. 46-2 at PageID 227.) Therefore, New York state law governs.

2. Breach of Contract

"Under New York law, '[i]n order to recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach.'" Prime Contractors Inc. v. APS Contractors Inc., 786 F. Supp. 3d 524, 544 (E.D.N.Y. 2025). Here, Frank Recruitment plausibly pleads facts to establish each element. The Parties executed a contract which Frank Recruitment attached to its Complaint. (See ECF No. 1-1.) Frank Recruitment alleges that it performed under the contract by recruiting numerous contractors who provided work and services for Wintellisys. (ECF No. 1 at PageID 3.) Moreover, Frank Recruitment alleges that Wintellisys breached the contract by failing to pay Frank Recruitment, despite numerous requests. (Id. at PageID 3–4; ECF No. 1-4.) Finally, as a result of Wintellisys's breach, Frank Recruitment alleges damages in the form of unpaid fees. (ECF No. 1 at PageID 4.)

3. Relief Sought

While the entry of default is deemed an admission of liability by the defendant, the amount of damages must be proven. Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." (citation omitted)). Rather than accepting the allegations in the complaint as true with respect to damages, a district court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonably certainty." Id. However, a district court need not always conduct "an evidentiary hearing to determine damages, [as] an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertain on the record before the court." Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC, No. 2:11–cv–377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011).

Frank Recruitment seeks a judgment in the amount of $462,912.89 plus post-judgment interest.[3] That figure represents $360,947.36 in unpaid fees for Frank Recruitment's performance under the contract, plus $101,965.53 in past-due interest on the unpaid principal. (ECF No. 46-2 at PageID 241.)

Indeed, Frank Recruitment is entitled to the $360,947.36 it requests in unpaid fees as set out in the Parties' contract. Additionally, Frank Recruitment submitted more than 100 pages of invoices to Wintellisys and an affidavit from its Director, Robert Morgenroth, attesting to the unpaid balance of $360,947.36. (ECF No, 46-2; ECF No. 46-4.) Morgenroth explains that Wintellisys approved, but did not pay, invoices reflecting $358,403.03 in fees. (ECF No. 46-2 at

[3] Frank Recruitment asks for "continuing interest," which is best read as a request for post-judgment interest.

PageID 240.) He also states that the additional $2,544.33 reflects hours worked for contractors Frank Recruitment provided to Wintellisys, making that amount due under the contract even if Wintellisys did not previously approve it. (Id. at PageID 241.) Therefore, Frank Recruitment's Motion is **GRANTED** to the extent it seeks a default judgment award in the amount of $360,947.36.

However, questions remain as to the interest Frank Recruitment seeks. For one, it is unclear whether its request for "$462,912.89, subject to continuing interest" is a request for pre-judgment interest, additional interest on the unpaid principal, or post-judgment interest. Additionally, the $101,956.53 Frank Recruitment seeks in interest on the unpaid principal was calculated up to April 17, 2026, despite it filing its Motion in August. As such, it is unclear that Frank Recruitment would not, if this Court were to award the interest it seeks, return with a request for additional interest on the unpaid principal running after the April 17 date it supplies. It is also unclear why Frank Recruitment's interest calculation stops running on April 17 for unpaid principal that become owing on various dates during the Summer of 2024. Given these lingering questions, it would be inappropriate to award approximately $100,000 in interest without a more fulsome explanation from Frank Recruitment, especially in light of Wintellisys non-participation. Therefore, Frank Recruitment's Motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks damages in addition to $360,947.36.

## CONCLUSION

For the reasons outlined above, Frank Recruitment's Motion is **GRANTED IN PART** and **DENIED IN PART**. Frank Recruitment is **AWARDED** $360,947.36 in damages. However, Frank Recruitment's Motion is otherwise **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 17th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE